Judge Nicholas
delivered the opinion of tl e court.
This is an action brought in the name of James Ryan, for the use of the Limestone Bank, against the heirs of John A. Wilson, upon a note executed by him to James Ryan, who endorsed it in blank to Moses Ryan, who endorsed it ip blank to the Bank of Limestone, who discounted it for the benefit of Wilson. There was no re-assignment of the note to James Ryan, the plaintiff, or payment of it by him, but the note was sued on in his name for the benefit of the Bank, under a supposition that the charter of the Bank had expired, and it no longer had authority to sue in its own name.
Upon an agreed case presenting these facts, the court rendered judgment in favor of the plaintiff.
It is now insisted that the judgment was right, because the discounting of the note having placed the note on the footing of a bill of exchange, the bank, as the holder, had a right to strike out the intermediate endorsement and sue for its own benefit, in the name of the payee. We think otherwise. The plaintiff, whether nominal or real, must always be vested with the legal right of action. The property in the note had passed by the endorsements to the bank, and could not revert to Ryan so as to clothe him with the right of action on it, unless lie had paid it or obtained a re-assignment. If' lie had paid tile note, he no doubt would, as the the holuer and proprietor, have had a right to strike out any endorsement subsequent to his own, and bring suit in his ovvu name. But the bank, whilst still holding and owning the note, could not, by striking out the intermediate endorsement, reinvest him with the legal title to the note so as to enable it to sue in his name, even lor the bank’s benefit. Ttie only effect of such an operation would be to break one link of the chain of title, by which the note was transferred to the bank, and render James Ryan the immediate instead of the remote assignor *351 to tbe bank. It reconveved no property in the note to him. See Hardin, 562.
Reid, for appellants; Brown and More head, for appellee.
We have not thought it necessary to investigate the question whether the bank still retains the power of suing, for let that be as it may, it would not affect the right of suing in the name of Ryan.
Wherefore, the judgment is reversed and cause remanded, with directions to enter judgment upon the facts agreed in favor of the appellants, who must recover costs here.